## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CAMBRIDGE PLACE INVESTMENT
MANAGEMENT INC.,

      Plaintiff,

      v.

MORGAN STANLEY & CO., INC., *et al.*,

      Defendants.

Case No. 1:11-cv-10992-NMG

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND THIS ACTION TO MASSACHUSETTS STATE COURT

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     STATEMENT OF FACTS ........................................................................................ 4

        A.      CPIM's Purchases of RMBS From the Defendants.................................. 4

        B.      Defendants Offered and Sold the RMBS to CPIM in Massachusetts...................... 5

        C.      Procedural History of This Action......................................................... 7

III.    ARGUMENT ............................................................................................................ 8

        A.      There Is No Diversity Jurisdiction Over This Action ............................. 8

        B.      Plaintiff Satisfies All Criteria for the Court to Abstain From Exercising
                "Related to" Bankruptcy Jurisdiction and Remand This Action to
                Massachusetts State Court .......................................................................... 9

                1.      This Action Must Be Remanded to Massachusetts Superior Court
                        Because All Six Statutory Criteria for Mandatory Abstention Are
                        Satisfied................................................................................................. 9

                        a.      There Are No Independent Grounds for Federal Jurisdiction ............ 10

                        b.      Plaintiff Commenced a State Court Action....................................... 10

                        c.      This Action Can Be Timely Adjudicated in Massachusetts Superior
                                Court ................................................................................................. 10

                2.      Alternatively, All Factors Supporting Equitable Remand Are
                        Satisfied................................................................................................. 11

IV.     CONCLUSION......................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Boston Reg'l Med. Ctr.*,
    410 F.3d 100 (1st Cir. 2005) ................................................................................................. 11

*Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., Inc., et al.*,
    No. 10-cv-11376-NGM, Report and Recommendation on Plaintiff's
    Motion to Remand (D. Mass. Dec. 28, 2010) ......................................................... 2, 10, 11, 12

*Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., Inc., et al.*,
    No. 10-cv-11376-NGM, Order (D. Mass. June 16, 2011) ........................................ 2, 3, 9, 10

FILED CASE

*Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., Inc., et al.*,
    No. 10-cv-11376-NGM (D. Mass. Aug. 13, 2010) ......................................................*passim*

STATUTES

28 U.S.C. § 1334(c)(1) .................................................................................................... 9, 11

28 U.S.C. § 1334(c)(2) ......................................................................................................... 9

28 U.S.C. § 1447(c) .............................................................................................................. 3

28 U.S.C. § 1452(b) .......................................................................................................... 9, 11

Massachusetts Uniform Securities Act, Mass. Gen. Laws. ch. 110A, § 410 ......................... 1, 3, 4

Cambridge Place Investment Management Inc. ("CPIM" or "Plaintiff") respectfully submits this memorandum of law in support of Plaintiff's motion to remand this action to Massachusetts state court.

## I.     PRELIMINARY STATEMENT

CPIM, which is located in Concord, Massachusetts, brought this action in Massachusetts state court alleging causes of action solely under Massachusetts state law. The action seeks redress under the Massachusetts Uniform Securities Act, Mass. Gen. Laws ch. 110A, § 410 (the "Massachusetts Securities Act") from the Defendants for their sale of securities to CPIM in Massachusetts by means of offering documents and other materials that contained material misrepresentations and omissions. Many of the Defendants have offices in Boston and met with CPIM in Massachusetts. All of the Defendants offered and sold the securities at issue to CPIM in Massachusetts, and CPIM purchased the securities in Massachusetts for its clients. Nevertheless, the Defendants removed the action to this Court on the purported grounds of diversity and "related to" bankruptcy jurisdiction.

The action should be remanded, however, because there is no diversity jurisdiction. The parties are not diverse because both CPIM and many of the Defendants are incorporated in Delaware. Defendants misfocus on the citizenship of CPIM's non-party clients. But CPIM served as the investment manager for those non-parties, with full investment discretion for the securities in the case; CPIM purchased the claims at issue from those clients; the clients totally assigned the claims to CPIM; and CPIM is the real party in interest. Thus, the citizenship of those full-discretionary investment-management clients is irrelevant.

Moreover, the Court lacks "related to" bankruptcy jurisdiction. The case is only tenuously related to the bankruptcies of certain non-party mortgage lenders that originated some of the mortgage loans underlying some of the securities at issue, and all factors supporting both

mandatory and equitable abstention and remand of cases that are "related to" bankruptcy are satisfied.

CPIM's motion to remand this action should be governed by the Court's decision on Plaintiff's pending motion to remand CPIM's related action against the same Defendants, *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*, No. 10-cv-11376-NGM (the "Related Action").[1] This action and the Related Action assert identical causes of action and involve the same parties. The principal difference between the actions is that the Related Action concerns purchases of residential mortgage-backed securities ("RMBS") by CPIM from the Defendants in the initial offerings of the RMBS, while this action concerns different purchases of RMBS by CPIM from the same Defendants primarily in the secondary market in reliance on the representations made by the Defendants in the offering documents and

---

[1]     CPIM respectfully refers the Court to, and incorporates by reference, the following documents pertaining to CPIM's motion to remand the Related Action:

- Chief Magistrate Judge Dein's Report and Recommendation on Plaintiff's Motion to Remand (the "Remand R&R") (D. Mass. Docket No. ("ECF No.") 203 in the Related Action) (submitted as Ex. A to the accompanying Declaration of David R. Stickney in Support of Plaintiff's Motion to Remand ("Stickney Decl.")), which recommends mandatory and equitable abstention and remand of the action to state court;

- Plaintiff's Opposition to Defendants' Joint Objection to the Remand R&R (ECF No. 213 in the Related Action) (the "Remand Response") (submitted as Ex. B to the Stickney Decl.), which discusses how all of the factors supporting mandatory or equitable abstention and remand of the action to state court are satisfied;

- Plaintiff's Opposition to Defendants' Joint Objection to Chief Magistrate Judge Dein's Report and Recommendation Denying Defendants' Motion to Take Jurisdictional Discovery (ECF No. 214 in the Related Action) (submitted as Ex. C to the Stickney Decl.), Section III.C of which discusses why there is no diversity jurisdiction over the action; and

- Plaintiff's Supplemental Brief in Support of Its Motion to Remand, which will be filed by July 21, 2011 in accordance with this Court's Order dated June 16, 2011 in the Related Action.

in their dealings in Massachusetts and elsewhere with CPIM. All of the Defendants in this action are also Defendants in the Related Action. All of the claims in both actions arise solely under the Massachusetts Securities Act. Both actions are based on substantially identical material misrepresentations by Defendants in the offering documents for the RMBS and in additional misrepresentations to CPIM in Massachusetts. The claims asserted by CPIM in both actions were purchased from the same nine full-discretionary investment-management clients pursuant to the same total assignment agreements. Moreover, the Defendants' asserted grounds for removing both actions are identical. Thus, the two actions are identical in every respect that is relevant to the motions to remand.

In accordance with this Court's Order dated June 16, 2011 in the Related Action, the parties have completed jurisdictional discovery with respect to the total assignments pertaining to the claims at issue in both actions and the RMBS at issue in both actions. Also in accordance with the June 16 Order, the parties will complete supplemental briefing on Plaintiff's motion to remand the Related Action by July 21, 2011. In light of the extensive briefing on CPIM's motion to remand the Related Action, Plaintiff does not wish to burden the Court with duplicative briefing on this motion.[2] CPIM therefore addresses in this memorandum only points specific to this action and incorporates by reference Plaintiff's briefing in support of its motion to remand the Related Action.

---

[2]      28 U.S.C. § 1447(c) requires a motion to remand on any basis other than lack of subject matter jurisdiction to be made within 30 days after the filing of the notice of removal, and CPIM so moves in accordance with the statutory deadline.

II.    **STATEMENT OF FACTS**

A.    **CPIM's Purchases of RMBS From the Defendants**

This action and the Related Action arise from the Defendants' offer and sale in Massachusetts of RMBS to CPIM by means of untrue statements and omissions of material fact in violation of the Massachusetts Securities Act. In this Section and in Section II.B below, CPIM summarizes its claims with parallel citations to the Complaints in this action and the Related Action in order to demonstrate that the claims in both actions are substantially identical, except that this action primarily concerns secondary market purchases and the Related Action concerns purchases in initial offerings – a difference that is irrelevant to the motions to remand.

CPIM is an investment manager that sourced, analyzed, and purchased RMBS for its nine full-discretionary clients, which completely assigned the claims at issue to CPIM. ¶¶12, 13, 83; RA ¶¶12, 13, 67.[3] The "Wall Street Bank Defendants" are 16 banks that offered or sold approximately $825 million of RMBS in this action and $2.4 billion of RMBS in the Related Action to CPIM between 2005 and 2007. ¶¶1, 15-30; RA ¶¶1, 15-30. The "Depositor Defendants" are special purpose vehicles that worked with the Wall Street Bank Defendants in offering or selling the RMBS to CPIM. ¶¶6, 31; RA ¶¶6, 31.[4]

---

[3]    In this brief, all citations in the form "¶__" are to the Complaint in this Action except as otherwise specified, and all citations in the form "RA ¶__" are to the Complaint in the Related Action.

[4]    There are 31 Depositor Defendants in this action. ¶6. The Defendants in the Related Action include the same 31 Depositor Defendants and an additional 18 Depositor Defendants that are not Defendants in this action. RA ¶6. All of the Defendants in this action are also Defendants in the Related Action and have participated in the limited jurisdictional discovery and briefing on CPIM's motion to remand the Related Action. There are no remand-related issues unique to the additional Defendants in the Related Action. Thus, the presence of the additional Defendants in the Related Action does not affect the propriety of deciding this motion based on the Court's decision on the motion to remand the Related Action.

The RMBS represent interests in pools of mortgages and entitle their holders to payments from the pools of mortgage loans. ¶33; RA ¶33. To create RMBS, a "depositor" first acquires an inventory of loans from one or more mortgage loan originators, and then transfers the acquired pool of loans to the issuing trust entity. ¶34; RA ¶34. The pool of loans for each RMBS usually includes thousands of loans. ¶39; RA ¶39. The Wall Street Bank Defendants assumed the responsibility, as underwriters of the securities, for gathering, verifying, and presenting to potential investors accurate and complete information about the quality and characteristics of the loans that were deposited into the trusts. ¶39; RA ¶39.

**B.     Defendants Offered and Sold the RMBS to CPIM in Massachusetts**

Defendants offered and sold the RMBS that CPIM purchased in initial offerings directly to CPIM in Massachusetts on the basis of untrue and incomplete information contained in registration statements, prospectuses, and prospectus supplements, as well as additional information provided to CPIM. ¶84;[5] RA ¶68. The Wall Street Bank Defendants also showed CPIM "pitch books" and other materials regarding the Wall Street Bank Defendants' purported due diligence of the mortgage originators' underwriting practices and the credit quality of the RMBS purchased by CPIM in initial offerings. ¶87; RA ¶71.

When making the purchases that are at issue in this action, Plaintiff reviewed and analyzed the documents relating to the initial offerings of the RMBS as described above, particularly the prospectus supplements. ¶88. Plaintiff purchased RMBS in the secondary market either from the same Wall Street Bank Defendant that underwrote the initial offering of the

---

[5]     Most of CPIM's RMBS purchases that are at issue in this action were on the aftermarket, but some were in initial offerings, as were all of CPIM's RMBS purchases that are at issue in the Related Action.

particular RMBS, or from another Wall Street Bank Defendant or other, non-party broker-dealer, as indicated for each RMBS in the Complaint. *Id.* & Complaint Appendix A.

Twelve of the Wall Street Bank Defendants have offices in Boston, and representatives from those offices who were licensed to sell securities in Massachusetts sold the RMBS that are the subject of this action and the Related Action to CPIM. ¶¶15-24, 26, 30; RA ¶¶15-24, 26, 30. CPIM has identified at least 75 meetings between CPIM and the Wall Street Bank Defendants, many of which were held in CPIM's Massachusetts office, where Defendants made additional untrue oral statements to CPIM. ¶87; RA ¶71.[6]

Defendants' untrue statements to CPIM concerned: (1) the Wall Street Bank Defendants' due diligence of the loans and the mortgage originators' underwriting practices; (2) the originators' underwriting guidelines that were purportedly applied to evaluate the ability of the borrowers to repay the loans underlying the RMBS; (3) the appraisal guidelines that were purportedly used to value the adequacy of the properties as collateral; and (4) the loan-to-value ratios, debt-to-income ratios, and purported occupancy status of the mortgaged properties. *See, e.g.*, ¶85; RA ¶69.[7] CPIM made the decision to purchase the RMBS on behalf of its nine full-discretionary clients not knowing of the Defendants' untrue statements or omissions. ¶497; RA ¶522. The Defendants' undisclosed lending practices are the subject of state regulators' investigations of the Wall Street Banks' violations of state law, including investigations by the

---

[6]     CPIM identified the dates of the meetings held between CPIM and the Wall Street Bank Defendants. *See* ¶¶230, 249, 274, 293, 310, 327, 341, 358, 377, 392, 406, 424, 437, 450, 464, 478; RA ¶¶244, 262, 286, 304, 320, 336, 350, 366, 384, 398, 429, 441, 462, 475, 488.

[7]     The Complaint in this action also alleges that Defendants failed to transfer good title to many mortgage loans to the issuing trusts for the RMBS and that Defendants made misrepresentations to CPIM concerning the transfer of title. ¶¶1, 67-82, 239, 264, 284, 302, 317, 332, 350, 366, 384, 397, 415, 429, 441, 455, 469, 483, 489-90.

Massachusetts Attorney General resulting in substantial recoveries against Wall Street Bank

Defendants Morgan Stanley and Goldman Sachs. ¶¶234, 383; RA ¶¶248, 389.

Contrary to Defendants' representations to CPIM, (1) the Wall Street Bank Defendants

failed to perform adequate due diligence of the underwriting guidelines and loan quality of the

mortgage originators; (2) the mortgage originators violated their stated underwriting guidelines

and did not consistently evaluate the borrowers' ability to repay the loans; (3) inflated appraisals

caused the listed LTV ratios to be untrue; and (4) the actual numbers of riskier "second home"

and "investment property" mortgages were higher than the stated numbers. In addition, metrics

such as debt-to-income ratios were untrue as a result of the mortgage originators' acceptance of

untrue information from mortgage applicants. *See* ¶¶86-490; RA ¶¶70-499. As a result of the

Defendants' untrue statements and omissions, CPIM purchased the RMBS from the Wall Street

Bank and Depositor Defendants and has incurred losses exceeding $260 million in this action

and $1.2 billion in the Related Action. ¶1; RA ¶1.

C.     **Procedural History of This Action**

On February 11, 2011, CPIM filed this action in Massachusetts Superior Court and

promptly notified the Defendants of the filing and that the Complaint would not be immediately

served due to the Court's ongoing consideration of Plaintiff's motion to remand the Related

Action. CPIM timely served Defendants with the Complaint, beginning on May 5, 2011. On June

3, 2011, Defendants removed this action to this Court on the purported grounds that (1) the

action is "related to" bankruptcy filings by some of the numerous non-party originators of the

mortgage loans underlying the RMBS at issue in this action, and (2) there is diversity jurisdiction

based on the citizenship of CPIM's full-discretionary investment-management clients that totally assigned the claims at issue to CPIM.[8]

These are the identical grounds on which Defendants are opposing CPIM's motion to remand the Related Action. First, the non-party originators of RMBS whose bankruptcies form the basis for Defendants' assertion that the Court should exercise "related to" bankruptcy jurisdiction over this action are substantially the same as in the Related Action.[9] Thus, the issues presented by Plaintiff's motion to remand based on mandatory or equitable abstention are identical in this action and the Remanded Action. Second, CPIM's nine full-discretionary investment-management clients that sold the claims at issue in this action to CPIM are the same nine full-discretionary investment-management clients that sold the claims at issue in the Related Action to CPIM. ¶¶12-13; RA ¶¶12-13. Indeed, Defendants' Notice of Removal in this action states that "Defendants intend to rely on associated jurisdictional discovery" from the Related Action. ECF No. 1, ¶22. Thus, the issues presented with respect to the total assignments and the absence of diversity jurisdiction are identical in both actions.

## III.   ARGUMENT

### A.   There Is No Diversity Jurisdiction Over This Action

The parties to this action and the Related Action are non-diverse because both CPIM and many of the Defendants are incorporated in Delaware. Thus, there is no federal diversity jurisdiction over either action unless the Court disregards the citizenship of CPIM and chooses instead to consider the citizenship of CPIM's full-discretionary investment-management clients that completely assigned the claims at issue to CPIM. As CPIM will further demonstrate in its supplemental brief in support of its motion to remand the Related Action, which is to be filed by

---

[8]    *See* ECF No. 1 in this action, ¶¶15-21.

[9]    *See, e.g.*, Notice of Removal (ECF No. 1 in the Related Action), at ¶¶12, 26.

8

July 21, 2011 in accordance with the Court's June 16, 2011 Order in the Related Action, there is

no diversity jurisdiction because CPIM's full-discretionary investment-management clients

totally assigned the claims at issue to CPIM, and there is no legitimate justification for

disregarding the citizenship of CPIM, which purchased the claims and is the real party in

interest. CPIM also respectfully refers the Court to Section III.C of Plaintiff's Opposition to

Defendants' Joint Objection to Chief Magistrate Judge Dein's Report and Recommendation

Denying Defendants' Motion to Take Jurisdictional Discovery (Ex. C to the Stickney Decl.).[10]

> **B.      Plaintiff Satisfies All Criteria for the Court to Abstain From
> Exercising "Related to" Bankruptcy Jurisdiction and Remand This
> Action to Massachusetts State Court**

CPIM respectfully refers the Court to Section II.B of Plaintiff's Remand Response (Ex. B

to the Stickney Decl.) for a discussion of the standards for abstention and remand under 28

U.S.C. § 1334(c)(2) (mandatory remand) and 28 U.S.C. §§ 1334(c)(1) and 1452(b) (equitable

remand).

> **1.      This Action Must Be Remanded to Massachusetts Superior
> Court Because All Six Statutory Criteria for Mandatory
> Abstention Are Satisfied**

CPIM respectfully refers the Court to Section II.C of Plaintiff's Remand Response (Ex. B

to the Stickney Decl.). As discussed there, the first three criteria for mandatory abstention

(Plaintiff timely moved to abstain; the action is based on state law; and the action does not arise

under Title 11 or in a case under Title 11, but is merely "related to" a Title 11 case) are

---

[10]      Some of the Defendants also assert, without any analysis or support, that the
Complaint misjoins Defendants and that this is another basis for diversity jurisdiction.
*See, e.g.*, ECF No. 4, ¶ 12. Contrary to these Defendants' unsupported assertions, the
Complaint properly joins all the Defendants. Even if Plaintiff's claims against each Wall
Street Bank Defendant and the Depositor Defendants that participated in that Wall Street
Bank Defendant's RMBS offerings were severed, there would still be Delaware
Defendants in each severed action, and therefore there would still be no diversity
jurisdiction.

concededly satisfied. *See* Remand R&R (Ex. A to the Stickney Decl.), at 13. Criteria four, five, and six are discussed below.

### a.    There Are No Independent Grounds for Federal Jurisdiction

As discussed in Section III.A above, there is no diversity jurisdiction over this action. Thus, the fourth criterion for mandatory abstention is satisfied. CPIM respectfully refers the Court to (1) Section III.C of Plaintiff's Opposition to Defendants' Joint Objection to Chief Magistrate Judge Dein's Report and Recommendation Denying Defendants' Motion to Take Jurisdictional Discovery (Ex. C to the Stickney Decl.) and (2) Plaintiff's Supplemental Brief in Support of Plaintiff's Motion to Remand, which is to be filed in the Related Action by July 21, 2011 under the Court's June 16, 2011 Order in that action.

### b.    Plaintiff Commenced a State Court Action

Chief Magistrate Judge Dein correctly "recommend[ed] joining with the 'majority view' and conclude[d] that the mandatory abstention provision applies to cases which were commenced in state court but subsequently removed." Remand R&R (Ex. A to the Stickney Decl.), at 14. CPIM respectfully refers the Court to Section III.C.2 of Plaintiff's Remand Response (Ex. B to the Stickney Decl.) for further discussion of the satisfaction of this fifth criterion for mandatory abstention.

### c.    This Action Can Be Timely Adjudicated in Massachusetts Superior Court

Chief Magistrate Judge Dein found that "[t]here is no reason for this court to conclude that the matter would not be resolved as expeditiously in the time-standards state court session as here." Remand R&R (Ex. A to the Stickney Decl.), at 15. She therefore correctly concluded that "[s]ince any trial of the instant case, either in this court or the state court, would proceed independently of all the pending bankruptcy proceedings, abstention would not interfere with the

10

administration of any of the bankruptcy estates." *Id.* CPIM respectfully refers the Court to

Section III.C.3 of Plaintiff's Remand Response (Ex. B to the Stickney Decl.) for further

discussion of the satisfaction of this sixth criterion for mandatory abstention.

### 2.  Alternatively, All Factors Supporting Equitable Remand Are Satisfied

Chief Magistrate Judge Dein correctly found that the factors courts weigh when

determining whether equitable remand is warranted under 28 U.S.C. §§ 1334(c)(1) and 1452(b)

are satisfied here. *See* Remand R&R (Ex. A to the Stickney Decl.), at 15-20. First, "the

connection [between the Related Action and the bankruptcies of certain non-party originators of

mortgages underlying some of the RMBS at issue] is not very strong" and the possible impact of

the Related Action on those bankruptcies "is not affected by the choice of forum." *Id.* at 17.

Second, state law issues undisputedly predominate in this and the Related Action, which raise no

bankruptcy law issues, and "the state obviously has an interest in resolving cases under its own

statutes." *Id.* Third, comity favors remand because "CPIM is based in Massachusetts, the

transactions all took place in Massachusetts, and most of the defendants either have offices in

Massachusetts and/or were licensed to sell securities in Massachusetts." *Id.* at 18.

Finally, Judge Dein found "compelling the fact that maintenance of the instant case in

federal court does not further the purpose of 'related to' jurisdiction" because "[t]rying the case

here, in a court unconnected with any of the bankruptcy proceedings, will not enhance the

bankruptcy court's ability 'to deal efficiently and effectively with the entire universe of matters

connected with bankruptcy estates.'" *Id.* at 19 (quoting *In re Boston Reg'l Med. Ctr.*, 410 F.3d

100, 105 (1st Cir. 2005)). Indeed, she held that "given the lack of ties to a bankruptcy proceeding

or other compelling reason, the conclusion is inescapable that the removal of this case to district

court was simply forum shopping." *Id.* For all of these reasons, this action should be remanded to Massachusetts state court.

CPIM respectfully refers the Court to Section III.D of Plaintiff's Remand Response (Ex. B to the Stickney Decl.) for further discussion of the satisfaction of the factors favoring equitable remand.

## IV.  CONCLUSION

For all of the reasons discussed above, in the Remand R&R, and in Plaintiff's briefs in opposition to Defendants' objections to the Remand R&R and in opposition to Defendants' objections to Chief Magistrate Judge Dein's Report and Recommendation finding that there is no diversity jurisdiction over the Related Action, the Court should remand this action to state court.

Dated:  July 5, 2011

**CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC.**

By its attorneys,

*/s/ David R. Stickney*
David R. Stickney (admitted pro hac vice)
Timothy A. DeLange (admitted pro hac vice)
Matthew P. Jubenville (admitted pro hac vice)
Takeo A. Kellar (admitted pro hac vice)
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com
takeok@blbglaw.com

-and-

Gerald H. Silk (admitted pro hac vice)
David L. Wales (admitted pro hac vice)
Jai Chandrasekhar (admitted pro hac vice)
Lauren A. McMillen (admitted pro hac vice)

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
jerry@blbglaw.com
dwales@blbglaw.com
jai@blbglaw.com
lauren@blbglaw.com

-and-

T. Christopher Donnelly
(BBO # 129930)
Michael S. D'Orsi
(BBO # 566960)
DONNELLY. CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
Tel:  (617) 720-2880
Fax:  (617) 720-3554
tcd@dcglaw.com
msd@dcglaw.com

*Counsel for Plaintiff Cambridge Place
Investment Management Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing on

July 5, 2011.


                */s/ David R. Stickney*
                DAVID R. STICKNEY